UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

EDWIN VERAS,

               Plaintiff,

-against-

CITY OF NEW ROCHELLE, CITY OF NEW ROCHELLE
POLICE DEPARTMENT, ARAZ ALALI,
and JOHN and JANE DOE 1 through 10, individually
and in their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

               Defendants,

------------------------------------------------------------------X

Judge Berman

COMPLAINT

07 CV 11172

Index No.:

Jury Trial Demanded



      Plaintiff EDWIN VERAS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. §

1

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff EDWIN VERAS is a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7. Defendant CITY OF NEW ROCHELLE was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW ROCHELLE maintains the CITY OF NEW ROCHELLE POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New Rochelle.

9. That at all times hereinafter mentioned, the individually named defendants ARAZ ALALI, and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or City New Rochelle.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendants CITY OF NEW

ROCHELLE AND THE CITY OF NEW ROCHELLE POLICE DEPARMENT.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendants CITY OF NEW ROCHELLE and THE CITY OF NEW ROCHELLE POLICE DEPARTMENT.

## FACTS

13. On September 12, 2006, at approximately 11:40 a.m., plaintiff EDWIN VERAS was lawfully in the vicinity of 35 Lecount Place, in the City of New Rochelle, and State of New York.

14. At the aforesaid time and place, the defendants, members of the New Rochelle Police Department, unlawfully and without reasonable suspicion or any probable cause stopped and arrested plaintiff. During the unlawful detention, plaintiff was assaulted and battered by City of New Rochelle officers wherein plaintiff's handcuffs were over tightened. Thereafter, plaintiff was taken against his will to the City of New Rochelle Police Department's headquarters, where the defendants concocted bogus charges. The charges, which were maliciously issued by the defendants to cover up their acts of brutality and abuse of authority and made in retaliation for plaintiff making a prior complaint to the New Rochelle Police Department regarding defendant ARAZ ALALI, were maliciously conveyed to the Westchester County District Attorney's Office for the purpose of initiating a prosecution against the plaintiff and in retaliation for plaintiff's lawful complaint against Alali. The criminal charges were ultimately dismissed and sealed on or about October 12, 2006.

15. All of the above occurred while other City of New Rochelle police officers failed to intervene in the illegal conduct described herein.

16. As a result of the foregoing, plaintiff EDWIN VERAS sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, mental anguish, and humiliation, and deprivation of his liberty and constitutional rights, loss earnings, and other special damages. Furthermore, as a result of defendants' conduct, plaintiff's New York City Taxi and Limousine Company and security licenses were suspended. Moreover, plaintiff, a New York City Police Department auxiliary police officer, was suspended from duty.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19. All of the aforementioned acts deprived plaintiff EDWIN VERAS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. 1983.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New Rochelle and the New Rochelle Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff EDWIN VERAS'S constitutional rights.

25.     As a result of the aforementioned conduct of defendants, plaintiff EDWIN VERAS was subjected to excessive force and sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     Defendants had an affirmative duty to intervene on behalf of plaintiff EDWIN VERAS, whose constitutional rights were being violated in their presence by other officers.

28.     The defendants failed to intervene to prevent the unlawful conduct described herein.

29.     As a result of the foregoing, plaintiff EDWIN VERAS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained physical and emotional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The defendants unlawfully imprisoned plaintiff EDWIN VERAS against his will without any probable cause or privilege.

32. As a result of the foregoing, plaintiff EDWIN VERAS was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants maliciously issued criminal process against plaintiff EDWIN VERAS by causing him to be arraigned and prosecuted for violations of the Penal Law and Vehicle and Traffic Law in a Criminal Court.

35. Defendants caused plaintiff EDWIN VERAS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority, and in retaliation for plaintiff's prior lawful complaint against defendant Alali.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants maliciously initiated, commenced and continued a criminal

prosecution against plaintiff EDWIN VERAS by conveying false and/or misleading information to the District Attorney's office.

38. Defendants caused plaintiff EDWIN VERAS to be prosecuted in the absence of probable cause until the criminal proceedings were terminated in Mr. Veras' favor on or about October 20, 2006.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(First Amendment Violation under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The defendants conduct herein was perpetrated in retaliation for plaintiff's prior lawful complaint against defendant Alali, and in retaliation for plaintiff's exercise of his lawful rights to question the propriety of wrongful police actions.

43. As a result of the foregoing, plaintiff EDWIN VERAS was deprived of his First Amendment rights.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New Rochelle Police Department included, but were not limited to, unlawfully stopping, assaulting and battering, and seizing innocent citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New Rochelle engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff EDWIN VERAS' rights as described herein. As a result of the failure of the City of New Rochelle to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants CITY OF NEW ROCHELLE and the CITY OF NEW ROCHELLE POLICE DEPARTMENT have tacitly authorized, ratified, and have been deliberately indifferent to, the acts and conduct complained of herein.

47.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New Rochelle and the New Rochelle Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EDWIN VERAS.

48.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New Rochelle and the New Rochelle Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EDWIN VERAS as alleged herein.

49.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New Rochelle and the New Rochelle Police Department were the moving force behind

the Constitutional violations suffered by plaintiff EDWIN VERAS as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New Rochelle and the New Rochelle Police Department, plaintiff EDWIN VERAS was unlawfully stopped, seized, detained, incarcerated, and subjected to physical abuse.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff EDWIN VERAS'S constitutional rights.

52. All of the foregoing acts by defendants deprived plaintiff EDWIN VERAS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest, malicious prosecution and malicious abuse of process;

    C. To receive equal protection under the law; and

    D. To be free from the use of excessive force and/or the failure to intervene.

53. As a result of the foregoing, plaintiff EDWIN VERAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

55. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New Rochelle, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

56. The City of New Rochelle has wholly neglected or refused to make an adjustment

or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

57.   The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

58.   Plaintiff has complied with all conditions precedent to maintaining the instant action.

59.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

60.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.   As a result of the foregoing, plaintiff EDWIN VERAS was placed in apprehension of imminent harmful and offensive bodily contact.

62.   As a result of defendant's conduct, plaintiff EDWIN VERAS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

63.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.   Defendants made offensive contact with plaintiff without privilege or consent.

65.   As a result of defendant's conduct, plaintiff EDWIN VERAS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

### AS AND FOR AN TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

66. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

67. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

68. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW ROCHELLE and the CITY OF NEW ROCHELLE POLICE DEPARTMENT.

69. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW ROCHELLE and the CITY OF NEW ROCHELLE POLICE DEPARTMENT.

70. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff EDWIN VERAS.

71. As a result of the aforementioned conduct, plaintiff EDWIN VERAS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR THE THIRTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants unlawfully imprisoned and restrained the plaintiff.

74. As a result of the aforementioned conduct, plaintiff EDWIN VERAS was falsely arrested in violation of the laws of the State of New York.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants maliciously abused criminal process against plaintiff EDWIN VERAS by causing him to be prosecuted for an improper purpose.

77. Defendants caused plaintiff EDWIN VERAS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority and in retaliation for plaintiff's exercise of his lawful right to complain about and/or question police misconduct.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants maliciously initiated, commenced and continued a criminal prosecution against plaintiff EDWIN VERAS by conveying false and/or misleading information to the District Attorney's office.

80. Defendants caused plaintiff EDWIN VERAS to be prosecuted in the absence of probable cause until the criminal proceedings were terminated in Mr. Veras' favor on or about October 20, 2006.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Upon information and belief, defendants City of New Rochelle and the City of New Rochelle Police Department failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff EDWIN VERAS.

83. Defendants City of New Rochelle and the City of New Rochelle Police Department knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Upon information and belief the defendants City of New Rochelle and the City of New Rochelle Police Department failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff EDWIN VERAS.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of the defendants City of New Rochelle and the City of New Rochelle Police Department and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendants City of New Rochelle and the City of New Rochelle Police Department are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

90. As a result of the foregoing, plaintiff EDWIN VERAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff EDWIN VERAS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
December 11, 2007

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN
Attorneys for Plaintiff EDWIN VERAS

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

EDWIN VERAS,

                                          Plaintiff,

   -against-

CITY OF NEW ROCHELLE, CITY OF NEW ROCHELLE
POLICE DEPARTMENT, ARAZ ALALI,
and JOHN and JANE DOE 1 through 10, individually
and in their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                          Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff Edwin Veras
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100