SILVERBERG ZALANTIS LLP
Katherine Zalantis, Esq.
Steven M. Silverberg, Esq.
3 Barker Avenue, Suite 180
White Plains, New York 10601
Telephone: (914) 682-0707
Facsimile: (914) 682-0708

*Attorneys for defendant Araz Alali*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

EDWIN VERAS,                                          :      Case No. 07-CV-11172 (CLB)
                                                      :
                            Plaintiff,                :
                                                      :
        -against-                                     :      **NOTICE OF MOTION**
                                                      :      **TO BE RELIEVED AS**
                                                      :      **COUNSEL PURSUANT TO**
CITY OF NEW ROCHELLE, ARAZ ALALI, JOHN                :      **LOCAL RULE 1.4**
and JANE DOES 1 through 10,                           :
                                                      :
                            Defendants.               :
-------------------------------------------------------------------- X

PLEASE TAKE NOTICE that upon the annexed affidavit of Katherine Zalantis,

Esq. sworn to on the 3rd day of April, 2008, the accompanying memorandum of law

dated April 4, 2008, and all the prior proceedings herein, Silverberg Zalantis LLP will

move this Court, before the Hon. Charles L. Brieant at the United States Courthouse,

White Plains, New York in Courtroom 218 on April 18, 2008, at 9:45 a.m., or as soon

thereafter as counsel may be heard, for an order, pursuant to Rule 1.4 of the Local Rules

of the United States District Courts for the Southern and Eastern Districts of New York,

that Silverberg Zalantis LLP be relieved as counsel for defendant Araz Alali and that this

Court stay further proceeding (including the time to depose Plaintiff and file an

appropriate motion on the issue of a qualified immunity defense) until such time that

there can be substitution of attorneys in the place and stead of Silverberg Zalantis LLP,

together with such other and further relief as this Court deems just and equitable.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: White Plains, New York
      April 4, 2008

                    Yours, etc.

                    SILVERBERG ZALANTIS LLP
                    Attorneys for the Defendant
                    ARAZ ALALI

                    By _____
                        Katherine Zalantis

                    3 Barker Avenue
                    White Plains, NY 10604
                    (914) 682-0707

TO:
Brett H. Klein, Esq.
LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201

Peter A. Meisels, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Defendant City of New Rochelle
3 Gannett Drive
White Plains, New York 10601

Police Office Araz Alali
New Rochelle Police Department
475 North Avenue
New Rochelle, NY 10801

Courtesy Copy To:
Jonathan Lovett, Esq.
Lovett & Gould. LLP
222 Bloomingdale Road
White Plains, New York 10605

SILVERBERG ZALANTIS LLP
Katherine Zalantis, Esq.
Steven M. Silverberg, Esq.
3 Barker Avenue, Suite 180
White Plains, New York 10601
Telephone: (914) 682-0707
Facsimile: (914) 682-0708

*Attorneys for defendant Araz Alali*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
EDWIN VERAS,                                    :    Case No. 07-CV-11172 (CLB)
                                                :
                              Plaintiff,         :
                                                :         **AFFIDAVIT**
        -against-                               :       **PURSUANT TO**
                                                :       **LOCAL RULE 1.4**
CITY OF NEW ROCHELLE, ARAZ ALALI, JOHN          :
and JANE DOES 1 through 10,                      :
                                                :
                              Defendants.         :
------------------------------------------------------------------- X

STATE OF NEW YORK          )
                           )ss
COUNTY OF WESTCHESTER      )

        KATHERINE ZALANTIS, being duly sworn, deposes and says:

        1.      I am an attorney admitted to practice law before the Courts of the State of

New York and the United States District Court for the Southern District of New York and

I am a member of the firm of Silverberg Zalantis LLP.

        2.      I submit this affidavit in support of Silverberg Zalantis LLP's application

for an order to be relieved as counsel for the defendant Araz Alali in the above-entitled

action pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York ("Rule 1.4") and for an order that this Court

1

stay further proceeding (including the time to depose Plaintiff and file an appropriate motion on the issue of a qualified immunity defense) until such time that there can be substitution of attorneys in the place and stead of Silverberg Zalantis LLP.

## I.      Factual Background

3.      By letter dated January 4, 2008, the City's Corporation Counsel advised P.O. Alali that, in accordance with New York Public Officers Law § 18 and Local Law No. 13 of 1997, the City had agreed to provide for Police Officer Alali's defense and indemnification against compensatory damages and punitive damages (subject to a final determination on punitive damages by the City Council in accordance with Local Law No. 13 of 1997, Section C(3)(b)). *See* Exhibit "A" attached hereto.

4.      In that same letter, Corporation Counsel advised that their initial review indicated that a potential conflict of interest existed between Police Office Alali and the other defendant requiring that Police Officer Alali be represented by separate counsel. Accordingly, Corporation Counsel advised that Silverberg Zalantis LLP had been hired to represent Police Office Alali. *See* Exhibit "A" attached hereto.

5.      On or about January 4, 2004, the defendant City of New Rochelle ("City") retained this firm to defend Police Officer Alali's interests in this action.

6.      Shortly after receiving the file and other relevant documents from the City, I attempted on various occasions to contact Police Officer Alali at the City of New Rochelle Police Department.  Further, Corporation Council advised that they would arrange to have the Police Department call Police Officer Alali at his home to provide him with my contact information.

2

7. By letter dated January 16, 200 to Police Officer Alali, I requested that he call me at his earliest convenience to arrange a time to discuss this matter as we were required to file an answer to the complaint by January 23, 2008.

8. The City's counsel, Wilson, Elser, Moskowitz, Edeleman & Dicker LLP, had previously obtained an additional two (2) week adjournment until January 23, 2008 for the defendants to file their answers to the complaint.

9. After sending the January 16, 2008 letter, I continued to try to reach Police Officer Alali at the City of New Rochelle Police Department to no avail.

10. Based upon my review of the file, including but not limited to, the transcript of the 50-H hearing and the police records, we prepared an answer ("Answer") to the Complaint asserting six affirmative defenses, including the defense of qualified immunity (*see* Exhibit "B").

11. We forward a copy of the Answer to Police Officer Alali by letter dated January 25, 2008 and advised in that same letter, that we could better defend his interests if we could speak to him about factual events and discuss strategy going forward. We further advised that the Court would soon direct a scheduling conference and it would not be advantageous to meet for the first time in Court.

12. Subsequently, we received a letter from Jonathan Lovett, Lovett & Gould, LLP dated February 1, 2008 advising that "[f]ollowing New Rochelle Corporation Counsel's finding as to a conflict in the above-referenced matter, Police Officer Alali retained my firm to defend him" and directed that "[u]nder the circumstances kindly cease communicating with him regarding the litigation." *See* Exhibit "C" attached hereto.

3

13.     It is our understanding that Mr. Lovett represents Police Officer Alali in three cases currently pending before this Court brought by Police Officer Alali against the City and/or the City's employees (*Alali v. Gazzola*, 07-1296, *Alali v. DeBara*, 07-2916 and *Alalis v. City of New Rochelle*, 07-9912).

14.     By letter dated February 8, 2008 to Mr. Lovett (sent via overnight mail and copied to Police Office Alali), we advised that after the City made its determination that a potential conflict of interest existed between the defendant, the City retained Silverberg Zalantis LLP to represent Police Officer Alali and in this regard, we appeared on Police Officer Alali's behalf and served and filed the Answer prior to the January 23, 2008 expiration of time to file an answer.  Accordingly, we advised that "[i]f in fact, PO Alali no longer wants this firm to represent his interest in this action, he should advise us of same in writing so that we may take the appropriate action."  See Exhibit "D" attached hereto.

15.     We received no response to our February 8, 2008 letter from either Mr. Lovett or Police Officer Alali.

16.     By letter dated February 27, 2008, Plaintiff advised both defendants that the Court directed that all counsel appear for a scheduling conference on April 18, 2008 and enclosed the Order for Court Conference with Civil Case Discovery Plan and Scheduling Form.

17.     In response, we overnighted the scheduling order to Police Officer Alali along with our letter to him dated March 4, 2008.  In that letter, we advised that as we have asserted a defense of qualified immunity, the proposed scheduling order requires that we depose plaintiff within thirty (30) days of the scheduling order and serve a motion

4

thirty (30) days thereafter. We advised Police Officer Alali of our assessment of the case and again advised that we would like to work with him to defend his interests but advised that we must arrange a time to meet to discuss the case. Nonetheless we advised Police Officer Alali that whether he wants us to represent him or not, we require a written response from him by no later than March 14, 2008.

18.     We received no response from Police Officer Alali in writing or otherwise.

19.     We now seek to be relieved as counsel.

20.     Before bringing this application we spoke to Mrs. Alice Cama on April 3, 2008 to advise that we intended to serve a motion to be relieved as counsel on April 4, 2008 and after advising that the matter was scheduled for a conference on April 18, 2008, Ms. Cama advised that we could similarly make the motion returnable on April 18, 2008.

## II.     This Court Should Grant this Application

21.     Silverberg Zalantis LLP cannot continue to provide effective representation to Police Officer Alali – there must be an open line of communication between the attorney and client.

22.     It is anticipated that this Court will issue a Discovery Plan and Scheduling Order on April 18, 2008 (or shortly thereafter) and then a relatively tight deadline will be imposed on this firm to depose plaintiff and to then make the appropriate motion on the issue of the qualified immunity defense. Without Police Officer Alali's cooperation, Silverberg Zalantis LLP cannot adequately defend his interests during this next stage of the litigation.

23.    While we feel strongly about the likelihood of success of Police Officer Alali's qualified immunity defense and the other defenses raised we cannot continue to effectively represent Police Officer Alali's interests without any input or guidance from Police Officer Alali.

24.    As set forth in the supporting memorandum of law, although district courts have considerable deference in granting or denying a motion to be relieved, district courts typically consider whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel. *See* Supporting Memorandum of Law.

25.    Here, as we are only at the beginning stages of the litigation, there will be relatively little disruption by the withdrawal of this firm as counsel for Police Office Alali.

26.    Accordingly, it is respectfully requested that this Court grant Silverberg Zalantis LLP's application to be relieved as counsel based upon the non-cooperation of Police Officer Alali and this Court stay further proceedings (including the time to depose Plaintiff and file an appropriate motion on the issue of a qualified immunity defense) until such time that there can be substitution of attorneys in the place and stead of Silverberg Zalantis LLP.

WHEREFORE, it is respectfully requested that this Court grant the application of Silverberg Zalantis LLP in its entirety, together with such other and further relief as this Court deems just and equitable.

_Katherine Zalantis_
Katherine Zalantis

Sworn to before me this 3rd
day of April, 2008

_Notary Public_
Notary Public

TERESA L. MALDONADO
Notary Public, State of New York
No. 01MA6056317
Qualified in Westchester County
Commission Expires 03/19/2011

7

**Department of Law**
*City Hall*
*(914) 654-2120*



*515 North Avenue*
*New Rochelle, NY 10801*
*Fax: (914) 654-2345*

**BERNIS E. SHAPIRO**
*Corporation Counsel*

**KATHLEEN E. GILL**
*Deputy Corporation Counsel*

**KENNETH E. POWELL**
*Assistant Corporation Counsel*

## City of New Rochelle
New York

January 4, 2008

Police Officer Araz Alali
New Rochelle Police Department
475 North Avenue
New Rochelle, NY 10801

      Re:    **Edwin Veras v. City of New Rochelle, Araz**
               **Alali, John and Jane Does 1 through 10**
               **Docket No: 07 CV 11172**

Dear Officer Alali:

Enclosed for your reference are photocopies of Section 18 of the Public Officers Law and Local Law No. 13 of 1997 concerning defense and indemnification of officers and employees of the City of New Rochelle.

Pursuant to Section 18 of the Public Officers Law, the City of New Rochelle has agreed to provide for your defense and indemnify you for compensatory damages, if any, entered against you after settlement or verdict in the above-named proceeding.

I hereby make initial determination that the City of New Rochelle, in addition to defense and indemnification against compensatory damages, should indemnify you against punitive damages, if any, finally entered in the above-named proceeding, based upon facts and circumstances now known to me.

Please note that my initial determination regarding indemnification of punitive damages is subject to final determination by the City Council pursuant to the standards and procedures set forth in Section C (3)(b) of Local Law No. 13 of 1997, in the event punitive damages are actually and finally entered against you.

Our initial review of this matter indicates a potential conflict of interest exists between the other defendants and you which requires you to be represented by separate counsel. In this regard, the Law Firm of Silverberg and Zalantis, LLP, has been hired to represent you in this matter.

Please contact me if you have any questions.

Sincerely,

Bernis E. Shapiro
Corporation Counsel

cc:    Silverberg & Zalantis, LLP
       3 Barker Avenue, Suite 180
       White Plains, NY 10601

SILVERBERG ZALANTIS LLP
Katherine Zalantis, Esq.
Steven M. Silverberg, Esq.
3 Barker Avenue, Suite 180
White Plains, New York 10601
Telephone: (914) 682-0707
Facsimile: (914) 682-0708

*Attorneys for defendant Araz Alali*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

EDWIN VERAS,                                                        :    Case No. 07-CV-11172 (CLB)
                                                                   :
                                    Plaintiff,                     :
                                                                   :         **ANSWER**
        -against-                                                  :
                                                                   :
CITY OF NEW ROCHELLE, ARAZ ALALI, JOHN                             :
and JANE DOES 1 through 10,                                        :
                                                                   :
                                    Defendants.                    :
------------------------------------------------------------------ X

        Defendant Araz Alali ("Alali") by and through his undersigned attorneys, Silverberg

Zalantis LLP, files this Answer to the complaint dated December 11, 2007 ("Complaint") filed

by the plaintiff Edwin Veras ("Veras" or "Plaintiff") and alleges as follows:

### PRELIMINARY STATEMENT

        1.      Alali makes no response to the allegations contained in paragraph 1 of the

Complaint as the allegations set forth legal conclusions to which no response is required. To the

extent a response is required, Alali denies the allegations contained in paragraph 1 of the

Complaint.

## JURISDICTION

2.     Alali makes no response to the allegations contained in paragraph 2 of the Complaint as the allegations set forth legal conclusions to which no response is required.

3.     Alali makes no response to the allegations contained in paragraph 3 of the Complaint as the allegations set forth legal conclusions to which no response is required.

## VENUE

4.     Alali makes no response to the allegations contained in paragraph 4 of the Complaint as the allegations set forth legal conclusions to which no response is required.

## JURY DEMAND

5.     Alali makes no response to the allegations contained in paragraph 5 of the Complaint as the allegations set forth legal conclusions to which no response is required.

## PARTIES

6.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.     Alali admits the allegations contained in paragraph 7 of the Complaint.

8.     Alali admits the allegations contained in paragraph 8 of the Complaint.

9.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, excepts admits that at all times referenced in the Complaint, Alali was and remains a duly sworn police officer and at all

2

times referenced in the Complaint, Alali was acting under the supervision of the City of New Rochelle Police Department ("Police Department") and according to his official duties.

10.     Alali makes no response to the allegations contained in paragraph 10 of the Complaint as the allegations set forth legal conclusions to which no response is required, except admits that at all times referenced in the Complaint Alali's actions were in accordance with all applicable rules, regulations, laws, statutes and/or practices of the State of New York or City of New Rochelle.

11.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admits that at all times referenced in the Complaint, Alali was acting within the scope of his employment by the Police Department.

12.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admits that at all times referenced in the Complaint, Alali was acting in furtherance of his employment as a police officer employed by Police Department.


<u>FACTS</u>

13.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Alali denies the allegations set forth in paragraph 14 of the Complaint, except Alali is without knowledge or information sufficient to form a belief as the truth of the allegation contained in the last sentence of paragraph 14 of the Complaint.

15.     Alali denies the allegations set forth in paragraph 15 of the Complaint.


3

16.     Alali denies the allegations set forth in paragraph 16 of the Complaint.


### FIRST CAUSE OF ACTION

17.     Alali repeats his answers to the allegations set forth in response to paragraph 1 through 16 of the Complaint, as if set forth fully herein.

18.     Alali makes no response to the allegations contained in paragraph 18 of the Complaint as the allegations set forth legal conclusions to which no response is required. To the extent a response is required, Alali denies the allegations contained in paragraph 18 of the Complaint.

19.     Alali denies the allegations set forth in paragraph 19 of the Complaint.

20.     Alali makes no response to the allegations contained in paragraph 20 of the Complaint as the allegations set forth legal conclusions to which no response is required. To the extent a response is required, Alali denies the allegations contained in paragraph 20 of the Complaint, except Alali admits that at all times referenced in the Complaint, Alali was acting in his capacity as a City of New Rochelle police officer.

21.     Alali makes no response to the allegations contained in paragraph 21 of the Complaint as the allegations set forth legal conclusions to which no response is required. To the extent a response is required, Alali denies the allegations contained in paragraph 21 of the Complaint, except Alali admits that at all times referenced in the Complaint, Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and acting under the supervision of the Police Department.

22.     Alali denies the allegations set forth in paragraph 22 of the Complaint.


4

## SECOND CAUSE OF ACTION

23.     Alali repeats his answers to the allegations set forth in response to paragraphs 1
through 22 of the Complaint, as if set forth fully herein.

24.     Alali denies the allegations set forth in paragraph 24 of the Complaint.

25.     Alali denies the allegations set forth in paragraph 25 of the Complaint.

## THIRD CAUSE OF ACTION

26.     Alali repeats his answers to the allegations set forth in response to paragraphs 1
through 25 of the Complaint, as if set forth fully herein.

27.     Alali denies the allegations set forth in paragraph 27 of the Complaint.

28.     Alali denies the allegations set forth in paragraph 28 of the Complaint.

29.     Alali denies the allegations set forth in paragraph 29 of the Complaint.

## FOURTH CAUSE OF ACTION

30.     Alali repeats his answers to the allegations set forth in response to paragraphs 1
through 29 of the Complaint, as if set forth fully herein.

31.     Alali denies the allegations set forth in paragraph 31 of the Complaint.

32.     Alali denies the allegations set forth in paragraph 32 of the Complaint.

## FIFTH CAUSE OF ACTION

33.     Alali repeats his answers to the allegations set forth in response to paragraphs 1
through 32 of the Complaint, as if set forth fully herein.

34.     Alali denies the allegations set forth in paragraph 34 of the Complaint.

5

35.     Alali denies the allegations set forth in paragraph 35 of the Complaint.


## SIXTH CAUSE OF ACTION

36.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 35 of the Complaint, as if set forth fully herein.

37.     Alali denies the allegations set forth in paragraph 37 of the Complaint.

38.     Alali denies the allegations set forth in paragraph 38 of the Complaint.


## SEVENTH CAUSE OF ACTION

39.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 38 of the Complaint, as if set forth fully herein.

40.     Alali denies the allegations set forth in paragraph 40 of the Complaint.


## EIGHTH CAUSE OF ACTION

41.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 40 of the Complaint, as if set forth fully herein.

42.     Alali denies the allegations set forth in paragraph 42 of the Complaint.

43.     Alali denies the allegations set forth in paragraph 43 of the Complaint.


## NINTH CAUSE OF ACTION

44.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 43 of the Complaint, as if set forth fully herein.

45.     Alali denies the allegations set forth in paragraph 45 of the Complaint.

46.     Alali denies the allegations set forth in paragraph 46 of the Complaint.

47.     Alali denies the allegations set forth in paragraph 47 of the Complaint.

48.     Alali denies the allegations set forth in paragraph 48 of the Complaint.

49.     Alali denies the allegations set forth in paragraph 49 of the Complaint.

50.     Alali denies the allegations set forth in paragraph 50 of the Complaint.

51.     Alali denies the allegations set forth in paragraph 51 of the Complaint.

52.     Alali denies the allegations set forth in paragraph 52 of the Complaint, including but not limited all of the subparagraphs of paragraph 52 of the Complaint.

53.     Alali denies the allegations set forth in paragraph 53 of the Complaint.


## SUPPLEMENTAL STATE LAW CLAIMS

54.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 53 of the Complaint, as if set forth fully herein.

55.     Alali denies the allegations set forth in paragraph 55 of the Complaint.

56.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.     Alali denies the allegations set forth in paragraph 58 of the Complaint.

59.     Alali makes no response to the allegations contained in paragraph 59 of the Complaint as the allegations set forth legal conclusions to which no response is required.

7

## TENTH CAUSE OF ACTION

60.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 59 of the Complaint, as if set forth fully herein.

61.    Alali denies the allegations set forth in paragraph 61 of the Complaint.

62.    Alali denies the allegations set forth in paragraph 62 of the Complaint.

## ELEVENTH CAUSE OF ACTION

63.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 62 of the Complaint, as if set forth fully herein.

64.    Alali denies the allegations set forth in paragraph 64 of the Complaint.

65.    Alali denies the allegations set forth in paragraph 65 of the Complaint.

## TWELFTH CAUSE OF ACTION

66.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 65 of the Complaint, as if set forth fully herein.

67.    Alali denies the allegations set forth in paragraph 67 of the Complaint.

68.    Alali denies the allegations set forth in paragraph 68 of the Complaint, except Alali admits that at all times referenced in the Complaint Alali was employed by the Police Department, Alali was acting in his capacity as a City of New Rochelle police officer and Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and acting under the supervision of the Police Department.

69.    Alali denies the allegations set forth in paragraph 69 of the Complaint, except Alali admits that at all times referenced in the Complaint Alali was employed by the Police

8

Department, Alali was acting in his capacity as a City of New Rochelle police officer and Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and acting under the supervision of the Police Department.

70.    Alali denies the allegations set forth in paragraph 70 of the Complaint.

71.    Alali denies the allegations set forth in paragraph 71 of the Complaint.

## THIRTEENTH CAUSE OF ACTION

72.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 71 of the Complaint, as if set forth fully herein.

73.    Alali denies the allegations set forth in paragraph 73 of the Complaint.

74.    Alali denies the allegations set forth in paragraph 74 of the Complaint.

## FOURTEENTH CAUSE OF ACTION

75.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 74 of the Complaint, as if set forth fully herein.

76.    Alali denies the allegations set forth in paragraph 76 of the Complaint.

77.    Alali denies the allegations set forth in paragraph 77 of the Complaint.

## FIFTEENTH CAUSE OF ACTION

78.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 77 of the Complaint, as if set forth fully herein.

79.    Alali denies the allegations set forth in paragraph 79 of the Complaint.

80.    Alali denies the allegations set forth in paragraph 80 of the Complaint

## SIXTEENTH CAUSE OF ACTION

81.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 80 of the Complaint, as if set forth fully herein.

82.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint as they apply to a defendant other than Alali, but to the extent the allegations in paragraph 82 apply to Alali, Alali denies the allegations set forth in paragraph 82 of the Complaint.

83.    Alali denies the allegations set forth in paragraph 83 of the Complaint.

## SEVENTEENTH CAUSE OF ACTION

84.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 83 of the Complaint, as if set forth fully herein.

85.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint as they apply to a defendant other than Alali, but to the extent the allegations in paragraph 85 apply to Alali, Alali denies the allegations set forth in paragraph 85 of the Complaint.

## EIGHTEENTH CAUSE OF ACTION

86.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 85 of the Complaint, as if set forth fully herein.

87.    Alali denies the allegations set forth in paragraph 87 of the Complaint.

## NINETEENTH CAUSE OF ACTION

88.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 87 of the Complaint, as if set forth fully herein.

89.    Alali denies the allegations set forth in paragraph 89 of the Complaint.

90.    Alali denies the allegations set forth in paragraph 90 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

91.    The Complaint fails to state a claim against Alali upon which relief can be granted.

### SECOND DEFENSE

92.    New York's Civil Practice Law and Rules ("CPLR") § 215 mandates that certain actions be commenced within one year, including but not limited to, claims sounding in assault, battery, intentional infliction of emotional distress, false arrest, malicious abuse of process, malicious prosecution.

93.    Plaintiff failed to timely commence his action within one-year from the date of accrual of his purported claims.

94.    More than one-year elapsed between:    (a)(i) the date of the alleged incident (September 12, 2006); (ii) Plaintiff's release from custody (September 12, 2006); and (iii) the alleged dismissal of all charges brought against Plaintiff (October 12, 2006); and (b) the commencement of Plaintiff's action brought herein.

95.    Accordingly, some if not all of the claims (or enumerated causes of action) raised in the Complaint are barred in whole or in part by the applicable statute of limitations, including

11

but not limited to Plaintiff's claims sounding in assault, battery, intentional infliction of emotional distress, false arrest, malicious abuse of process and malicious prosecution.

## THIRD DEFENSE

96.     Plaintiff failed to name Alali as a party and/or potential defendant in his Verified Notice of Claim (verified on November 1, 2006).

97.     More than ninety (90) days has passed since the accrual of the claims (or enumerated causes of action) set forth in the Complaint.

98.     Accordingly, Plaintiff failed to comply with the applicable condition precedent with respect to Alali as mandated by New York's General Municipal Law § 50-e

## FOURTH DEFENSE

99.     At all times referenced in the Complaint, Alali was acting as a government official acting in his official capacity as a City of New Rochelle police officer.

100.    The acts at issue herein and/or complained of in the Complaint were performed by Alali while acting within the scope of his official duties as a City of New Rochelle police officer.

101.    Alali is and was at all times referenced in the Complaint employed by the City of New Rochelle Police Department ("Police Department") as a police officer and acting in his capacity as a City of New Rochelle police officer, Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and Alali was acting under the supervision of the Police Department.

102.    On September 12, 2006 at approximately 11:07 a.m., Alali observed Plaintiff operating a motor vehicle in a manner that violated traffic laws and regulation.

103.   Alali, who was in a Police Department vehicle and in uniform, properly signaled to Plaintiff to pull over his motor vehicle.

104.   Alali lawfully stopped Plaintiff's motor vehicle based upon his reasonable suspicion that the occupant of Plaintiff's motor vehicle committed one or more traffic violations.

105.   Alali lawfully and reasonably requested that Plaintiff produce his license and registration.

106.   Despite Alali's repeated and continued requests that Plaintiff produce his license and registration, Plaintiff failed to and/or refused to produce his license and registration.

107.   Plaintiff was required in accordance with New York's Vehicle and Traffic Law ("VTL") § 401(4) upon Alali's demand – a demand by a police officer – to produce his license, motor vehicle registration and all other information required concerning his license to operate.

108.   Under VTL § 507(2), Plaintiff's failure, upon Alali's demand – Alali's repeated demand – to produce his driver's license was presumptive evidence that he was not duly licensed to operate his motor vehicle.

109.   Driving without a license is a traffic infraction which justifies a police officer's immediate arrest of the unlicensed operator.

110.   After Plaintiff's repeated refusal to produce his license and registration, Alali advised Plaintiff that he was going to cause Alali to have to arrest him.

111.   Plaintiff replied to Alali **"So, arrest me"** and further advised Alali **"Oh, you need to call for backups [sic] because I am not getting out of my truck by myself over here."**

112.   Plaintiff threatened Alali and resisted arrest.

113.   Alali reasonably viewed Plaintiff's statements and actions as a threat.

114.   Alali reasonably viewed Plaintiff's statements and conduct as resisting arrest.

115.    Alali had probable cause the arrest Plaintiff.

116.    Alali had probable cause to take Plaintiff into custody.

117.    In connection with his arrest and at other times referenced in the Complaint, Plaintiff was not physically harmed by Alali.

118.    Each and every action by Alali resulted from his good faith and reasonable belief that he was not violating any of Plaintiff's federally protected rights.

119.    Alali's conduct does not violate any clearly established statutory or constitutional right of which a reasonable person would have known.

120.    Alali's conduct was not prohibited by New York state law, federal law, constitutional law (either state or federal constitutional law) or otherwise.

121.    Plaintiff's right not to be subjected to such conduct, if any such right exists (which Alali expressly does not concede in any manner or fashion), was not clearly established at the time of said conduct.

122.    Alali's actions were objectively legally reasonable in light of the legal rules that were clearly established at the time of such conduct.

123.    It was objectively reasonable for Alali to believe that his actions did not violate any law (New York state law, federal law, constitutional law (either state or federal constitutional law) or otherwise).

124.    All of Alali's actions and conduct, including but not limited to, the stopping of Plaintiff's vehicle and subsequent arrest of Plaintiff, were objectively reasonable.

125.    Alali is immune from liability.

126.    Alali is entitled to qualified immunity.

14

127.   Under the doctrine of qualified immunity, Alali is not subject to the claims raised in the Complaint by Plaintiff and Alali is specifically shielded from suit for civil damages or otherwise from Plaintiff's Section 1983 and other claims.

## FIFTH DEFENSE

128.   Alali repeats and realleges the allegations set forth in paragraphs 99 through 127 as if set forth herein.

129.   Alali had reasonable cause to believe that Plaintiff committed a traffic offense.

130.   Alali had reasonable cause to believe that Plaintiff violated one or more traffic rules and regulations.

131.   Alali had reasonable cause to believe that Plaintiff was operating a motor vehicle without a valid license as Plaintiff's conduct raised the legal presumption that he was operating his motor vehicle without a license.

132.   Alali had reasonable cause to believe that Plaintiff was resisting arrest.

133.   Alali had reasonable cause to believe that Plaintiff was threatening him.

134.   There was probable cause to arrest Plaintiff and there was probable cause to take Plaintiff into custody.

135.   There exists justification and probable cause for the arrest of Plaintiff.

136.   As a result, there is a compete defense to claims raised by Plaintiff, including but not limited to the false arrest claims, brought under both New York state law and under Federal Law and constitution claims (both New York's constitution and the federal constitution).

## SIXTH DEFENSE

137.    Alali repeats and realleges the allegations set forth in paragraphs 99 through 136 as if set forth herein.

138.    Alali acted in good faith.

139.    Each and every action by Alali resulted from his good faith and reasonable belief that his actions were not violating any of Plaintiff's rights.

## RESERVATION OF RIGHTS

140.    Alali reserves the right to allege additional affirmative defenses when the basis for such allegation is discovered.

WHEREFORE, Alali prays that the Court enter judgment:

     (a) Dismissing the Complaint as it is related to Alali;

     (b) Requiring Plaintiff to pay costs and disbursements, including but not limited to, reasonable attorneys' fees; and

     (c) Granting such other and further relief as the Court deems just, proper and equitable

Dated: White Plains, New York
       January 23, 2008

                              SILVERBERG ZALANTIS LLP
                              *Attorneys for Defendant*
                              *Araz Alali*

                          By: *Katherine Zalantis*
                              Katherine Zalantis
                              3 Barker Avenue
                              White Plains, New York 10601
                              Tel. (914) 682-0707
                              Fax (914) 682-0708
                              E-mail: zalantis@szlawfirm.net

# LOVETT & GOULD, LLP
### ATTORNEYS AT LAW

JONATHAN LOVETT

JANE BILUS GOULD

222 BLOOMINGDALE ROAD

WHITE PLAINS, N.Y. 10605

914-428-8401
FAX 914-428-8916

KIM PATRICIA BERG+

DRITA NICAJ+

+also admitted in New Jersey

February 1, 2008

Ms. Katherine H. Zalantis, Esq.
Silverberg Zalantis LLP
3 Barker Avenue, Suite 180
White Plains, New York 10601

Re: Veras v. City of New Rochelle & Araz Alali

Dear Ms. Zalantis:

Following New Rochelle Corporation Counsel's finding as to a conflict in the above-referenced matter, Police Officer Alali retained my law firm to defend him.

Under the circumstances kindly cease communicating with him regarding the litigation.

Thank you for your anticipated courtesy.

Sincerely,

Jonathan Lovett

JL:clp


**SILVERBERG ZALANTIS** LLP

Law Offices
3 Barker Avenue, Suite 180
White Plains, New York 10601
Tel. (914) 682-0707
Fax. (914) 682-0708
www.szlawfirm.net

February 8, 2008

*Via Overnight Mail*

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Rd.
White Plains, NY 10605

> Re:   *Veras v. City of New Rochelle and Alali*

Dear Mr. Lovett:

In response to your February 1, 2008 letter (a copy of which is enclosed), please be advised that my firm has been retained by the City of New Rochelle ("City") to defend Police Officer Araz Alali in accordance with Section 18 of New York's Public Officers Law and the City's Local Law 13 of 1997, after the City made its determination that a potential conflict of interest existed between the defendants in this action. necessitating that separate counsel represent PO Alali. And in this regard, my firm appeared on PO Alali's behalf and served and filed an answer prior to the January 23, 2008 expiration of the time to file an answer. If, in fact, PO Alali no longer wants this firm to represent his interests in this action, he should advise us of same in writing so that we may take the appropriate action.

Very truly yours,

SILVERBERG ZALANTIS LLP

Katherine Zalantis

cc: Police Officer Alali

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK         )
                               ) ss.:

COUNTY OF WESTCHESTER   )

        I, Teresa Maldonado, being sworn, say:

        I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York

        On April 4, 2008, I served the **NOTICE OF MOTION TO BE RELIEVED AS COUNSEL PURSUANT TO LOCAL RULE 1.4 and AFFIDAVIT PURSUANT TO LOCAL RULE 1.4 WITH SUPPORTING EXHIBITS** via **overnight mail** by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for next day delivery, addressed:

TO:

Brett H. Klein, Esq.
LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201

Peter A. Meisels, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Defendant City of New Rochelle
3 Gannett Drive
White Plains, New York 10601

Police Office Araz Alali
New Rochelle Police Department
475 North Avenue
New Rochelle, NY 10801
**In an envelope marked
"Personal & Confidential"**

<u>Courtesy Copy To</u>:
Jonathan Lovett, Esq.
Lovett & Gould. LLP
222 Bloomingdale Road
White Plains, New York 10605

Teresa Maldonado

Sworn to before me this
4th day of April, 2008

Notary Public

**Katherine Zalantis
Notary Public State of New York
No. 02ZA5067359
Qualified in Westchester County
Commission Expires 10/15/10**