## Answers to Complaints
1:07-cv-11172-CLB Veras v. The City of New Rochelle et al
ECF, RELATED

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Zalantis, Katherine on 1/23/2008 at 3:34 PM EST and filed on 1/23/2008

**Case Name:**          Veras v. The City of New Rochelle et al
**Case Number:**      1:07-cv-11172
**Filer:**                   Araz Alali
**Document Number:** 10

**Docket Text:**
**ANSWER to Complaint. Document filed by Araz Alali. (Attachments: # (1) Affidavit of Service)(Zalantis, Katherine)**

**1:07-cv-11172 Notice has been electronically mailed to:**

Peter Alexander Meisels     peter.meisels@wilsonelser.com

Katherine H. Zalantis     zalantis@szlawfirm.net

**1:07-cv-11172 Notice has been delivered by other means to:**

Brett H. Klein
Leventhal & Klein, L.L.P.
45 Main Street
Suite 820
Brooklyn, NY 11201

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=1/23/2008] [FileNumber=4202440-0
] [06fc85ad62954b5e08c7d0bfec13b97ab964cfeebe73a852e85f1beb0548a86b3de
f4537c6268d73689cba4477fbe7abb9f6274b6c817ae75599143862afed7f]]

**Document description:** Affidavit of Service
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=1/23/2008] [FileNumber=4202440-1
] [799921412a79fd701a06548efbc7830d03d6ae15e7b90be6104bd74b8226731ced2
4fb7229ad2e53b1f8ef945e4ab3d71549acaaf169d613cc32d656634126d5]]

SILVERBERG ZALANTIS LLP
Katherine Zalantis, Esq.
Steven M. Silverberg, Esq.
3 Barker Avenue, Suite 180
White Plains, New York 10601
Telephone: (914) 682-0707
Facsimile: (914) 682-0708

*Attorneys for defendant Araz Alali*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

EDWIN VERAS,                                          :     Case No. 07-CV-11172 (CLB)
                                                      :
                              Plaintiff,              :
                                                      :          **ANSWER**
        -against-                                     :
                                                      :
CITY OF NEW ROCHELLE, ARAZ ALALI, JOHN               :
and JANE DOES 1 through 10,                           :
                                                      :
                              Defendants.             :
-------------------------------------------------------------------- X

        Defendant Araz Alali ("Alali") by and through his undersigned attorneys, Silverberg

Zalantis LLP, files this Answer to the complaint dated December 11, 2007 ("Complaint") filed

by the plaintiff Edwin Veras ("Veras" or "Plaintiff") and alleges as follows:


## PRELIMINARY STATEMENT

        1.      Alali makes no response to the allegations contained in paragraph 1 of the

Complaint as the allegations set forth legal conclusions to which no response is required.  To the

extent a response is required, Alali denies the allegations contained in paragraph 1 of the

Complaint.

<u>JURISDICTION</u>

2.     Alali makes no response to the allegations contained in paragraph 2 of the Complaint as the allegations set forth legal conclusions to which no response is required.

3.     Alali makes no response to the allegations contained in paragraph 3 of the Complaint as the allegations set forth legal conclusions to which no response is required.

<u>VENUE</u>

4.     Alali makes no response to the allegations contained in paragraph 4 of the Complaint as the allegations set forth legal conclusions to which no response is required.

<u>JURY DEMAND</u>

5.     Alali makes no response to the allegations contained in paragraph 5 of the Complaint as the allegations set forth legal conclusions to which no response is required.

<u>PARTIES</u>

6.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.     Alali admits the allegations contained in paragraph 7 of the Complaint.

8.     Alali admits the allegations contained in paragraph 8 of the Complaint.

9.     Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, excepts admits that at all times referenced in the Complaint, Alali was and remains a duly sworn police officer and at all

times referenced in the Complaint, Alali was acting under the supervision of the City of New Rochelle Police Department ("Police Department") and according to his official duties.

10.    Alali makes no response to the allegations contained in paragraph 10 of the Complaint as the allegations set forth legal conclusions to which no response is required, except admits that at all times referenced in the Complaint Alali's actions were in accordance with all applicable rules, regulations, laws, statutes and/or practices of the State of New York or City of New Rochelle.

11.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admits that at all times referenced in the Complaint, Alali was acting within the scope of his employment by the Police Department.

12.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admits that at all times referenced in the Complaint, Alali was acting in furtherance of his employment as a police officer employed by Police Department.

<u>FACTS</u>

13.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Alali denies the allegations set forth in paragraph 14 of the Complaint, except Alali is without knowledge or information sufficient to form a belief as the truth of the allegation contained in the last sentence of paragraph 14 of the Complaint.

15.    Alali denies the allegations set forth in paragraph 15 of the Complaint.

3

16.    Alali denies the allegations set forth in paragraph 16 of the Complaint.

## FIRST CAUSE OF ACTION

17.    Alali repeats his answers to the allegations set forth in response to paragraph 1 through 16 of the Complaint, as if set forth fully herein.

18.    Alali makes no response to the allegations contained in paragraph 18 of the Complaint as the allegations set forth legal conclusions to which no response is required. To the extent a response is required, Alali denies the allegations contained in paragraph 18 of the Complaint.

19.    Alali denies the allegations set forth in paragraph 19 of the Complaint.

20.    Alali makes no response to the allegations contained in paragraph 20 of the Complaint as the allegations set forth legal conclusions to which no response is required. To the extent a response is required, Alali denies the allegations contained in paragraph 20 of the Complaint, except Alali admits that at all times referenced in the Complaint, Alali was acting in his capacity as a City of New Rochelle police officer.

21.    Alali makes no response to the allegations contained in paragraph 21 of the Complaint as the allegations set forth legal conclusions to which no response is required. To the extent a response is required, Alali denies the allegations contained in paragraph 21 of the Complaint, except Alali admits that at all times referenced in the Complaint, Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and acting under the supervision of the Police Department.

22.    Alali denies the allegations set forth in paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION

23.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 22 of the Complaint, as if set forth fully herein.

24.    Alali denies the allegations set forth in paragraph 24 of the Complaint.

25.    Alali denies the allegations set forth in paragraph 25 of the Complaint.

## THIRD CAUSE OF ACTION

26.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 25 of the Complaint, as if set forth fully herein.

27.    Alali denies the allegations set forth in paragraph 27 of the Complaint.

28.    Alali denies the allegations set forth in paragraph 28 of the Complaint.

29.    Alali denies the allegations set forth in paragraph 29 of the Complaint.

## FOURTH CAUSE OF ACTION

30.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 29 of the Complaint, as if set forth fully herein.

31.    Alali denies the allegations set forth in paragraph 31 of the Complaint.

32.    Alali denies the allegations set forth in paragraph 32 of the Complaint.

## FIFTH CAUSE OF ACTION

33.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 32 of the Complaint, as if set forth fully herein.

34.    Alali denies the allegations set forth in paragraph 34 of the Complaint.

35.     Alali denies the allegations set forth in paragraph 35 of the Complaint.

## SIXTH CAUSE OF ACTION

36.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 35 of the Complaint, as if set forth fully herein.

37.     Alali denies the allegations set forth in paragraph 37 of the Complaint.

38.     Alali denies the allegations set forth in paragraph 38 of the Complaint.

## SEVENTH CAUSE OF ACTION

39.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 38 of the Complaint, as if set forth fully herein.

40.     Alali denies the allegations set forth in paragraph 40 of the Complaint.

## EIGHTH CAUSE OF ACTION

41.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 40 of the Complaint, as if set forth fully herein.

42.     Alali denies the allegations set forth in paragraph 42 of the Complaint.

43.     Alali denies the allegations set forth in paragraph 43 of the Complaint.

## NINTH CAUSE OF ACTION

44.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 43 of the Complaint, as if set forth fully herein.

45.     Alali denies the allegations set forth in paragraph 45 of the Complaint.

46.    Alali denies the allegations set forth in paragraph 46 of the Complaint.

47.    Alali denies the allegations set forth in paragraph 47 of the Complaint.

48.    Alali denies the allegations set forth in paragraph 48 of the Complaint.

49.    Alali denies the allegations set forth in paragraph 49 of the Complaint.

50.    Alali denies the allegations set forth in paragraph 50 of the Complaint.

51.    Alali denies the allegations set forth in paragraph 51 of the Complaint.

52.    Alali denies the allegations set forth in paragraph 52 of the Complaint, including but not limited all of the subparagraphs of paragraph 52 of the Complaint.

53.    Alali denies the allegations set forth in paragraph 53 of the Complaint.


## SUPPLEMENTAL STATE LAW CLAIMS

54.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 53 of the Complaint, as if set forth fully herein.

55.    Alali denies the allegations set forth in paragraph 55 of the Complaint.

56.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.    Alali denies the allegations set forth in paragraph 58 of the Complaint.

59.    Alali makes no response to the allegations contained in paragraph 59 of the Complaint as the allegations set forth legal conclusions to which no response is required.

TENTH CAUSE OF ACTION

60.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 59 of the Complaint, as if set forth fully herein.

61.     Alali denies the allegations set forth in paragraph 61 of the Complaint.

62.     Alali denies the allegations set forth in paragraph 62 of the Complaint.

ELEVENTH CAUSE OF ACTION

63.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 62 of the Complaint, as if set forth fully herein.

64.     Alali denies the allegations set forth in paragraph 64 of the Complaint.

65.     Alali denies the allegations set forth in paragraph 65 of the Complaint.

TWELFTH CAUSE OF ACTION

66.     Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 65 of the Complaint, as if set forth fully herein.

67.     Alali denies the allegations set forth in paragraph 67 of the Complaint.

68.     Alali denies the allegations set forth in paragraph 68 of the Complaint, except Alali admits that at all times referenced in the Complaint Alali was employed by the Police Department, Alali was acting in his capacity as a City of New Rochelle police officer and Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and acting under the supervision of the Police Department.

69.     Alali denies the allegations set forth in paragraph 69 of the Complaint, except Alali admits that at all times referenced in the Complaint Alali was employed by the Police

8

Department, Alali was acting in his capacity as a City of New Rochelle police officer and Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and acting under the supervision of the Police Department.

70.   Alali denies the allegations set forth in paragraph 70 of the Complaint.

71.   Alali denies the allegations set forth in paragraph 71 of the Complaint.

## THIRTEENTH CAUSE OF ACTION

72.   Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 71 of the Complaint, as if set forth fully herein.

73.   Alali denies the allegations set forth in paragraph 73 of the Complaint.

74.   Alali denies the allegations set forth in paragraph 74 of the Complaint.

## FOURTEENTH CAUSE OF ACTION

75.   Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 74 of the Complaint, as if set forth fully herein.

76.   Alali denies the allegations set forth in paragraph 76 of the Complaint.

77.   Alali denies the allegations set forth in paragraph 77 of the Complaint.

## FIFTEENTH CAUSE OF ACTION

78.   Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 77 of the Complaint, as if set forth fully herein.

79.   Alali denies the allegations set forth in paragraph 79 of the Complaint.

80.   Alali denies the allegations set forth in paragraph 80 of the Complaint

## SIXTEENTH CAUSE OF ACTION

81.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 80 of the Complaint, as if set forth fully herein.

82.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint as they apply to a defendant other than Alali, but to the extent the allegations in paragraph 82 apply to Alali, Alali denies the allegations set forth in paragraph 82 of the Complaint.

83.    Alali denies the allegations set forth in paragraph 83 of the Complaint.

## SEVENTEENTH CAUSE OF ACTION

84.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 83 of the Complaint, as if set forth fully herein.

85.    Alali is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint as they apply to a defendant other than Alali, but to the extent the allegations in paragraph 85 apply to Alali, Alali denies the allegations set forth in paragraph 85 of the Complaint.

## EIGHTEENTH CAUSE OF ACTION

86.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 85 of the Complaint, as if set forth fully herein.

87.    Alali denies the allegations set forth in paragraph 87 of the Complaint.

## NINETEENTH CAUSE OF ACTION

88.    Alali repeats his answers to the allegations set forth in response to paragraphs 1 through 87 of the Complaint, as if set forth fully herein.

89.    Alali denies the allegations set forth in paragraph 89 of the Complaint.

90.    Alali denies the allegations set forth in paragraph 90 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

91.    The Complaint fails to state a claim against Alali upon which relief can be granted.

### SECOND DEFENSE

92.    New York's Civil Practice Law and Rules ("CPLR") § 215 mandates that certain actions be commenced within one year, including but not limited to, claims sounding in assault, battery, intentional infliction of emotional distress, false arrest, malicious abuse of process, malicious prosecution.

93.    Plaintiff failed to timely commence his action within one-year from the date of accrual of his purported claims.

94.    More than one-year elapsed between:  (a)(i) the date of the alleged incident (September 12, 2006); (ii) Plaintiff's release from custody (September 12, 2006); and (iii) the alleged dismissal of all charges brought against Plaintiff (October 12, 2006); and (b) the commencement of Plaintiff's action brought herein.

95.    Accordingly, some if not all of the claims (or enumerated causes of action) raised in the Complaint are barred in whole or in part by the applicable statute of limitations, including

but not limited to Plaintiff's claims sounding in assault, battery, intentional infliction of emotional distress, false arrest, malicious abuse of process and malicious prosecution.

THIRD DEFENSE

96.    Plaintiff failed to name Alali as a party and/or potential defendant in his Verified Notice of Claim (verified on November 1, 2006).

97.    More than ninety (90) days has passed since the accrual of the claims (or enumerated causes of action) set forth in the Complaint.

98.    Accordingly, Plaintiff failed to comply with the applicable condition precedent with respect to Alali as mandated by New York's General Municipal Law § 50-e

FOURTH DEFENSE

99.    At all times referenced in the Complaint, Alali was acting as a government official acting in his official capacity as a City of New Rochelle police officer.

100.    The acts at issue herein and/or complained of in the Complaint were performed by Alali while acting within the scope of his official duties as a City of New Rochelle police officer.

101.    Alali is and was at all times referenced in the Complaint employed by the City of New Rochelle Police Department ("Police Department") as a police officer and acting in his capacity as a City of New Rochelle police officer, Alali was acting in accordance with all applicable practices, procedures and rules of the Police Department and Alali was acting under the supervision of the Police Department.

102.    On September 12, 2006 at approximately 11:07 a.m., Alali observed Plaintiff operating a motor vehicle in a manner that violated traffic laws and regulation.

12

103.    Alali, who was in a Police Department vehicle and in uniform, properly signaled to Plaintiff to pull over his motor vehicle.

104.    Alali lawfully stopped Plaintiff's motor vehicle based upon his reasonable suspicion that the occupant of Plaintiff's motor vehicle committed one or more traffic violations.

105.    Alali lawfully and reasonably requested that Plaintiff produce his license and registration.

106.    Despite Alali's repeated and continued requests that Plaintiff produce his license and registration, Plaintiff failed to and/or refused to produce his license and registration.

107.    Plaintiff was required in accordance with New York's Vehicle and Traffic Law ("VTL") § 401(4) upon Alali's demand – a demand by a police officer – to produce his license, motor vehicle registration and all other information required concerning his license to operate.

108.    Under VTL § 507(2), Plaintiff's failure, upon Alali's demand – Alali's repeated demand – to produce his driver's license was presumptive evidence that he was not duly licensed to operate his motor vehicle.

109.    Driving without a license is a traffic infraction which justifies a police officer's immediate arrest of the unlicensed operator.

110.    After Plaintiff's repeated refusal to produce his license and registration, Alali advised Plaintiff that he was going to cause Alali to have to arrest him.

111.    Plaintiff replied to Alali **"So, arrest me"** and further advised Alali **"Oh, you need to call for backups [sic] because I am not getting out of my truck by myself over here."**

112.    Plaintiff threatened Alali and resisted arrest.

113.    Alali reasonably viewed Plaintiff's statements and actions as a threat.

114.    Alali reasonably viewed Plaintiff's statements and conduct as resisting arrest.

115.   Alali had probable cause the arrest Plaintiff.

116.   Alali had probable cause to take Plaintiff into custody.

117.   In connection with his arrest and at other times referenced in the Complaint, Plaintiff was not physically harmed by Alali.

118.   Each and every action by Alali resulted from his good faith and reasonable belief that he was not violating any of Plaintiff's federally protected rights.

119.   Alali's conduct does not violate any clearly established statutory or constitutional right of which a reasonable person would have known.

120.   Alali's conduct was not prohibited by New York state law, federal law, constitutional law (either state or federal constitutional law) or otherwise.

121.   Plaintiff's right not to be subjected to such conduct, if any such right exists (which Alali expressly does not concede in any manner or fashion), was not clearly established at the time of said conduct.

122.   Alali's actions were objectively legally reasonable in light of the legal rules that were clearly established at the time of such conduct.

123.   It was objectively reasonable for Alali to believe that his actions did not violate any law (New York state law, federal law, constitutional law (either state or federal constitutional law) or otherwise).

124.   All of Alali's actions and conduct, including but not limited to, the stopping of Plaintiff's vehicle and subsequent arrest of Plaintiff, were objectively reasonable.

125.   Alali is immune from liability.

126.   Alali is entitled to qualified immunity.

127.    Under the doctrine of qualified immunity, Alali is not subject to the claims raised in the Complaint by Plaintiff and Alali is specifically shielded from suit for civil damages or otherwise from Plaintiff's Section 1983 and other claims.

## FIFTH DEFENSE

128.    Alali repeats and realleges the allegations set forth in paragraphs 99 through 127 as if set forth herein.

129.    Alali had reasonable cause to believe that Plaintiff committed a traffic offense.

130.    Alali had reasonable cause to believe that Plaintiff violated one or more traffic rules and regulations.

131.    Alali had reasonable cause to believe that Plaintiff was operating a motor vehicle without a valid license as Plaintiff's conduct raised the legal presumption that he was operating his motor vehicle without a license.

132.    Alali had reasonable cause to believe that Plaintiff was resisting arrest.

133.    Alali had reasonable cause to believe that Plaintiff was threatening him.

134.    There was probable cause to arrest Plaintiff and there was probable cause to take Plaintiff into custody.

135.    There exists justification and probable cause for the arrest of Plaintiff.

136.    As a result, there is a compete defense to claims raised by Plaintiff, including but not limited to the false arrest claims, brought under both New York state law and under Federal Law and constitution claims (both New York's constitution and the federal constitution).

<u>SIXTH DEFENSE</u>

137.    Alali repeats and realleges the allegations set forth in paragraphs 99 through 136 as if set forth herein.

138.    Alali acted in good faith.

139.    Each and every action by Alali resulted from his good faith and reasonable belief that his actions were not violating any of Plaintiff's rights.


<u>RESERVATION OF RIGHTS</u>

140.    Alali reserves the right to allege additional affirmative defenses when the basis for such allegation is discovered.

WHEREFORE, Alali prays that the Court enter judgment:

(a) Dismissing the Complaint as it is related to Alali;

(b) Requiring Plaintiff to pay costs and disbursements, including but not limited to, reasonable attorneys' fees; and

(c) Granting such other and further relief as the Court deems just, proper and equitable

Dated: White Plains, New York
        January 23, 2008

SILVERBERG ZALANTIS LLP
*Attorneys for Defendant*
*Araz Alali*

By: _Katherine Zalantis_
    Katherine Zalantis
    3 Barker Avenue
    White Plains, New York 10601
    Tel. (914) 682-0707
    Fax (914) 682-0708
    E-mail: zalantis@szlawfirm.net

16

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                  ) ss.:

COUNTY OF WESTCHESTER    )

I, Teresa Maldonado, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York

On January 23, 2008, I served the within **ANSWER** via **overnight mail** by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for next day delivery, addressed:

To:
Brett H. Klein, Esq.
LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff Edwin Veras
45 Main Street, Suite 230
Brooklyn, New York 11201


Peter A. Meisels, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Defendant City of New Rochelle
3 Gannett Drive
White Plains, New York 10601

_____
Teresa Maldonado

Sworn to before me this
23rd day of January, 2008

_____
Notary Public

**Katherine Zalantis**
**Notary Public State of New York**
**No. 02ZA5067359**
**Qualified in Westchester County**
**Commission Expires 10/15/10**